1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4     DANIEL HAGOS,                                    Case No. 2:15-cv-01606-APG-VCF

5                          Plaintiff,

6          v.                                          **ORDER GRANTING MOTIONS TO**
                                                       **DISMISS AND MOTION TO**
7     WASHINGTON MUTUAL BANK, F.A., *et*               **EXPUNGE *LIS PENDENS***
      *al.*,
8                          Defendants.                 (ECF Nos. 5, 6, 10, 27)

9

10          Plaintiff Daniel Hagos has brought claims under the Truth in Lending Act, 15 U.S.C.

11    § 1601 ("TILA") and Nevada Revised Statutes Chapters 598 and 645[1] related to an attempted

12    non-judicial foreclosure of a property located at 6659 Catoctin Avenue Las Vegas, NV 89139 (the

13    "Property").  The defendants are Washington Mutual Bank F.A., JPMorgan Chase Bank, N.A.,

14    MTC Financial, Inc., d/b/a/ Trustee Corps, and the Federal Home Loan Mortgage Corporation

15    (listed as "Freddie Mac" in the complaint).

16          JPMorgan, for itself and as an acquirer of certain assets of Washington Mutual,[2] moves to

17    dismiss Hagos' claims, and for an order expunging the *lis pendens* on the Property.  ECF Nos. 5,

18    6.  It cites numerous bases for dismissal, including that Hagos' claims are precluded by prior

19    litigation, TILA's statute of limitations bar his claims, and the complaint fails to state a claim.

20    Freddie Mac filed a joinder to JPMorgan's motion.  ECF No. 27.  For the reasons set forth below,

21    I grant the motion to dismiss and to expunge the *lis pendens*.

22

23

24

25

26

          [1] The complaint also references N.R.S. Chapter 205, governing crimes against property.
      ECF No. 1 at 1, 12.  However, the complaint does not state a claim under this chapter or give any
      other explanation of why it applies to the allegations in the complaint.  Nor do the defendants or
      Hagos reference it in their briefing on either motion to dismiss.  I therefore presume reference to
      this statute in the complaint was a typographical error.

27          [2] I take judicial notice of the fact that in 2008 the banking assets of Washington Mutual
      were seized and placed into receivership by the Federal Deposit Insurance Corporation, and
28    subsequently sold to JPMorgan.

1  Separately, MTC Financial, Inc., d/b/a/ Trustee Corps moves to dismiss Hagos' claims.

2  ECF No. 10.  On October 9, 2015, Hagos filed a notice voluntarily dismissing MTC Financial

3  from the case. ECF No. 28.  Therefore, defendant MTC Financial Inc. d/b/a/ Trustee Corps is

4  dismissed from the case and its motion to dismiss is denied as moot.

5  **I.  BACKGROUND**

6  Hagos alleges that sometime prior to 2006 he purchased the Property and has occupied it

7  since then as his primary residence. ECF No. 1 at 5.  He also alleges that on or about September

8  26, 2006, he and his wife refinanced the mortgage on the Property and executed a promissory

9  note in the amount of $211,000.00 in favor of defendant Washington Mutual. *Id.*  Hagos claims

10  that when the refinancing closed, he and his wife were provided with a document entitled "Notice

11  of Right to Cancel." *Id.* at 5.  Hagos alleges that the defendants violated TILA's regulations by

12  failing to provide him with two copies of the Notice of Right to Cancel. *Id.*  He also alleges that

13  the Notice of Right to Cancel he received did not contain a "date of rescission," which is required

14  by TILA's regulations. *Id.*  Hagos alleges that the defendants violated various other sections of

15  TILA by failing to make all required disclosures. *Id.* at 7-8.

16  Hagos contends that on June 4, 2015, he exercised his right to rescind the mortgage in

17  writing by certified mail to "all known parties in interest." *Id.* at 6-7.  He claims that none of the

18  defendants responded to his rescission. *Id.* at 7.  The complaint seeks to rescind the mortgage and

19  exercise Hagos' rights under TILA. *Id.* at 7.  The complaint also alleges various other state law

20  claims related to the mortgage on the Property. *Id.* at 10-11.

21  **II.  ANALYSIS**

22  **A.  Issue and Claim Preclusion**

23  JPMorgan moves to dismiss, arguing that the doctrines of issue and claim preclusion bar

24  Hagos' claims.  It argues that Hagos has already filed multiple unsuccessful lawsuits about the

25  mortgage and related foreclosure.  JPMorgan contends that non-judicial foreclosure proceedings

26  were initiated on the Property because Hagos had not made a payment on the mortgage since May

27

28

1   1, 2010.  JPMorgan cites four cases Hagos previously filed to try to halt or stall the foreclosure

2   proceedings:

3   - *In re Hagos*, No. BK-S-11-22516, — B .R. — (Bankr. D. Nev. 2011) and *In re*

4     *Hagos*, No. BK-S-12-11890, — B.R. — (Bankr. D. Nev. 2012) (collectively,

5     the "Bankruptcy Cases")

6   - *Hagos v. MTC Fin., Inc.*, No. 11-CV-01272-GMN-NJK, filed August 5, 2011

7     (the "2011 Case")

8   - *Hagos v. Washington Mut. Bank*, No. 12-CV-00587-KJD-GWF, filed April 11,

9     2012 (the "2012 Case")

10      Hagos responds that bankruptcy cases do not have preclusive effect and therefore issue and

11  claim preclusion do not apply.  He also argues that the 2011 Case was dismissed for failure of

12  service and the 2012 Case was dismissed for failing to oppose the motion to dismiss and for

13  failing to amend his pleadings properly.  He argues that when a case is dismissed for failure to

14  follow procedure, the ruling is not based on the merits of the case and therefore it does not have

15  preclusive effect.  Hagos also contends that his current causes of action are based on different,

16  recent acts and therefore claim preclusion does not apply.

17      Both of the Bankruptcy Cases were dismissed for failure to file the required schedules and

18  a "Statement of Affairs." *See* ECF Nos. 5-3 at 6; 5-4 at 7.[3]  The 2011 Case originally named only

19  MTC Financial as a defendant and brought claims under the Fair Debt Collection Practices Act,

20  as well as common law fraud and emotional distress. ECF No. 5-7 at 2.  MTC Financial

21  successfully moved to dismiss the complaint, but Hagos was granted leave to amend to cure

22  deficiencies in his claims. ECF No. 5-8 at 6.  Hagos' amended complaint added Washington

23

24      [3] "As a general rule, a district court may not consider any material beyond the pleadings in
25  ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)
    (citation and quotation omitted).  However, there are exceptions to this rule, including that a court
26  may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d
    1279, 1282 (9th Cir. 1986).  These include opinions or decisions issued by another court. *Lee*, 250
27  F.3d at 690.  Pursuant to Federal Rule of Evidence 201, I take judicial notice of the orders
    dismissing the four cases filed by Hagos and cited to by the defendants.
28

1    Mutual as a party and added new claims, including claims under TILA. ECF No. 5-9 at 2.  Chief

2    Judge Navarro subsequently ruled that Hagos was not granted leave to add new causes of action,

3    and therefore she dismissed the new claims in the amended complaint, including the TILA claim.

4    ECF No. 5-10 at 5.  Chief Judge Navarro dismissed Hagos' remaining common law fraud claim

5    because it failed to state a claim. *Id.* at 7.

6        In the 2012 Case, Hagos brought claims for wrongful foreclosure, fraud, quiet title, and

7    declaratory relief, and named Washington Mutual, JPMorgan and various other entities as

8    defendants. ECF No. 5-11.  JPMorgan successfully moved to dismiss the complaint because

9    Hagos failed to file an opposition. ECF No. 5-12 at 2-3.  Hagos' subsequent motion for

10   reconsideration was denied because Hagos did not offer a valid excuse for his failure to file a

11   timely opposition. ECF No. 5-13 at 4.  Judge Dawson further noted that, even taking into account

12   Hagos' late-filed opposition, JPMorgan's motion to dismiss should be granted because the

13   complaint failed to state claim. *Id.* at 5.

14       The doctrine of claim preclusion bars "successive litigation of the very same claim,

15   whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v.*

16   *Sturgell*, 553 U.S. 880, 892 (2008) (citation and quotation omitted).  In contrast, the doctrine of

17   issue preclusion "bars successive litigation of an issue of fact or law actually litigated and

18   resolved in a valid court determination essential to the prior judgment, even if the issue recurs in

19   the context of a different claim." *Id*. (citation and quotation omitted).

20       The preclusive effect of a federal court judgment is determined by federal common law. *Id.*

21   at 891.  However, "[f]or judgments in diversity cases, federal law incorporates the rules of

22   preclusion applied by the State in which the rendering court sits." *Id.* at 891 n. 4.  The 2011 Case

23   involved questions of federal law and was before the court on federal question jurisdiction. ECF

24   No. 5-7 at 3 (claim under Fair Debt Collections Practice Act).  The jurisdictional basis of the

25   2012 Case is less clear because the complaint brings claims under state law, but states the

26   jurisdictional basis as federal question. ECF No. 5-11 at 6.  However, because (1) claim

27   preclusion under both Nevada and federal law require final judgments, and (2) issue preclusion

28

1   under Nevada and federal law require, respectively, a final ruling on the merits or that

2   determination of the issue must have been a critical and necessary part of the judgment, the end

3   result under both state and federal law is the same in this case. *See Mpoyo v. Litton Electro–*

4   *Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (federal law on claim preclusion requires "final

5   judgment on the merits"); *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th

6   Cir. 1997) (federal law on issue preclusion requires that "determination of the issue . . . must have

7   been a critical and necessary part of the judgment in the earlier action"); *Five Star Capital Corp.*

8   *v. Ruby*, 194 P.3d 709, 713 n. 27 (Nev. 2008), *holding modified on different grounds by Weddell*

9   *v. Sharp*, 350 P.3d 80 (Nev. 2015) (Nevada law on claim preclusion requires final judgment that

10  is valid, stating "[w]hile the requirement of a valid final judgment does not necessarily require a

11  determination on the merits, it does not include a case that was dismissed without prejudice."

12  (citations omitted)); *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 133

13  (Nev. 2000) (Nevada law on issue preclusion requires "the initial ruling must have been on the

14  merits and have become final").

15      JPMorgan offers no argument as to why the dismissals of the Bankruptcy Cases have

16  preclusive effect over this case.  With regard to the district court cases, neither Chief Judge

17  Navarro's nor Judge Dawson's orders state explicitly, or give any indication, that they intended to

18  dismiss either the 2011 Case or the 2012 Case with prejudice.  In the 2011 Case, Chief Judge

19  Navarro dismissed Hagos' new causes of action, including his TILA claim, on the procedural

20  ground that she had not given him leave to add claims. ECF No. 5-10 at 5.  In the 2012 Case,

21  Judge Dawson ordered dismissal because the plaintiff failed to respond.  While both judges also

22  stated that Hagos had failed to state a claim, no analysis was given except on the common law

23  fraud claim in the 2011 Case.  Additionally, Hagos was never warned in either case that failure to

24  follow any of the court's orders, to timely respond, or to properly amend his complaint could lead

25  to his case being dismissed with prejudice.  Given these facts and circumstances, and that a

26  dismissal with prejudice is an extreme measure, I will not presume that either Chief Judge

27

28

1    Navarro's or Judge Dawson's orders intended that result.  I therefore find that the dismissals of

2    the prior cases were without prejudice.

3    "[A] dismissal without prejudice is not a decision on the merits and thus lacks preclusive

4    effect" for the purposes of claim preclusion. *Weinberg v. Whatcom County*, 241 F.3d 746, 751

5    (9th Cir. 2001); *Five Star Capital Corp.*, 194 P.3d at 713 n. 27 ("While the requirement of a valid

6    final judgment does not necessarily require a determination on the merits, it does not include a

7    case that was dismissed without prejudice or for some reason . . . that is not meant to have

8    preclusive effect." (citations omitted)).

9    As regards issue preclusion, JPMorgan argues that the "TILA issues raised . . . in this

10   action . . . were raised in at least one other pleading."  ECF No. 5 at 14.  While a TILA claim was

11   brought in the 2011 Case, it was procedurally dismissed by Chief Judge Navarro because she had

12   not given Hagos leave to add that claim.  Thus, determining whether Hagos had stated a claim

13   under TILA was not a "critical and necessary part of the judgment in the earlier action," nor was

14   the claim addressed on the merits. *See Offshore Sportswear, Inc.*, 114 F.3d at 850; *LaForge*, 997

15   P.2d at 133.  I therefore deny JPMorgan's motion, which  Freddie Mac joined, to the extent is it

16   based on issue and claim preclusion.

17   **B.      TILA Statute of Limitations**

18    JPMorgan next argues that Hagos' TILA claims must be dismissed because they are

19   barred by the statute of limitations.  It argues that any claim for damages under TILA must be

20   brought within one year from the date of occurrence, which it argues is when Hagos refinanced

21   his mortgage in 2006.  JPMorgan also argues that Hagos' claim for rescission under TILA fails

22   because the statute of limitations for that relief is three years after the loan closing/loan

23   origination date.  In response, Hagos cites *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct.

24   790 (2015), which held that TILA required only written notice of intent to seek rescission, rather

25   than filing suit, within the three-year period for exercising that right.

26    TILA authorizes civil liability in the form of actual damages, statutory damages, costs,

27   and attorneys' fees. 15 U.S.C. § 1640.  Section 1640(e) imposes a one-year limitations period for

28

1    civil liability claims under TILA. *Id.*  The limitations period generally runs from the date of

2    consummation of the transaction. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  While

3    the doctrine of equitable tolling "may, in the appropriate circumstances, suspend the limitations

4    period until the borrower discovers or had reasonable opportunity to discover the fraud or

5    nondisclosures that form the basis of the TILA action," Hagos offers no argument as to why

6    equitable tolling applies here.  The mortgage refinancing that forms the basis for Hagos' TILA

7    claim occurred on September 26, 2006 but he did not file his complaint until August 21, 2015.

8    This was well beyond the one-year limitations period for civil liability claims under TILA.

9        With regards to Hagos' rescission-based TILA claim, TILA gives borrowers the right to

10   rescind certain loans for up to three years after the transaction is consummated. *See* 15 U.S.C.

11   § 1635(f).  "[T]his conditional right to rescind does not last forever.  Even if a lender *never* makes

12   the required disclosures, the 'right of rescission shall expire three years after the date of

13   consummation of the transaction or upon the sale of the property, whichever comes first.'"

14   *Jesinoski*, 135 S. Ct. at 792 (citing 15 U.S.C. § 1635(f)) (emphasis in original).  Hagos is correct

15   that TILA requires only written notice of intent to seek rescission within the three-year period.

16   However, his complaint states that he did not exercise his right to rescind the mortgage until June

17   4, 2015, when he sent a certified letter to "all known parties in interest." ECF No. 1 at 6-7.  Hagos

18   failed to exercise his right of rescission under TILA within the three-year limitations period.  I

19   therefore grant JPMorgan's motion as it relates to Hagos' TILA claims.  Amendment would be

20   futile because the claims are barred by the statutes of limitation.  I thus grant the motion with

21   prejudice.

22        **C.    State Law Claims Under N.R.S. Chapters 598 and 645**

23        Hagos' complaint also appears to bring a claim under N.R.S. Chapters 598 and 645.

24   Chapter 598 is Nevada's Deceptive Trade Practices Act, while Chapter 645 governs the practices

25   of real estate brokers and salespersons.  JPMorgan argues that the complaint does not state a

26   viable claim under either statute.  JPMorgan argues that Nevada's Deceptive Trade Practices Act

27   is limited to transactions involving the sale of goods and services, and that Nevada courts have

28

1    held that Chapter 598 does not apply to real estate transactions.  With regard to Chapter 645,

2    JPMorgan argues the complaint is vague and appears to allege that none of the defendants

3    honored Hagos' rescission demand.  Hagos has not responded to these arguments.

4          N.R.S. Chapter 598 does not apply to real estate loan transactions, but rather only to

5    transactions for goods and services. *See, e.g., Morris v. Green Tree Servicing, LLC*, No. 2:14–

6    CV–01998–GMN-CWH, 2015 WL 4113212, at \*15 (D. Nev. July 8, 2015) (collecting cases);

7    *Reyna v. Wells Fargo Bank*, *N.A.*, No. 2:10–CV–01730–KJD–RJJ, 2011 WL 2690087, \*9 (D.

8    Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate

9    loan transactions"); *Alexander v. Aurora Loan Servs.*, No. 2:09–CV–01790–KJD–LRL, 2010 WL

10   2773796, at \*2 (D. Nev. July 8, 2010) (holding that NRS § 598.0923(3) does not apply to "the

11   sale or lease of real property" because it covers actions involving the sale or lease of goods or

12   services).[4]  Because Chapter 598 does not apply to real estate loan transactions like the mortgage

13   refinancing at issue here, I dismiss this claim with prejudice as amendment would be futile.

14         With regard to Hagos' alleged claim under Chapter 645, it is unclear from the complaint

15   what exact provision of the statute Hagos claims the defendants violated.  Hagos also fails to

16   provide sufficient factual allegations to supporting an alleged violation of Chapter 645.  To

17   survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief

18   that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (internal quotation and

19   citations omitted).  Hagos' complaint fails to do so and must be dismissed.

20         Because Hagos has not previously amended his complaint in this matter, I will grant

21   Hagos leave to amend his complaint to add sufficient facts and allegations to state a claim under

22   N.R.S. Chapter 645 if he can.  Hagos is cautioned that I am granting leave to amend only as to

23   this one claim; I am not granting him leave to add new claims or parties.  In addition, I am

24   cognizant of the defendants' argument that Hagos has filed numerous lawsuits related to the

25

26         [4] The Nevada Supreme Court has applied N.R.S. Chapter 598 to a real estate transaction
     only one time, in *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010).  However, the
27   facts in this case are distinguishable from those in *Betsinger*, which involved a so-called "bait and
     switch tactic" by a developer with regard to the interest rate offered to a homeowner.
28

1   mortgage refinancing and non-judicial foreclosure on the Property.  Therefore, Hagos will be

2   given only one final chance to properly plead facts sufficient to support a claim under N.R.S.

3   Chapter 645.  If he does not, I will dismiss the complaint with prejudice.

4          **D.**     **Motion to Expunge *Lis Pendens***

5        JPMorgan has moved to expunge the *lis pendens* recorded against the Property.  Hagos

6   does not respond to this argument.  A *lis pendens* is appropriate only where the action affects title

7   or possession of real property. N.R.S. § 14.010(1) ("In an action . . . affecting the title or

8   possession of real property, the plaintiff . . . shall record . . . a notice of the pendency of the

9   action. . . .").  A defendant may move for expungement of a *lis pendens* pursuant to N.R.S.

10  § 14.015.

11       The only claim potentially remaining in this case is Hagos' claim under N.R.S.

12  Chapter 645, for which he seeks monetary relief.  Thus, this is no longer an "action affecting title

13  or possession of real property."  Hagos' ability to properly plead and prevail on his Chapter 645

14  claim will have no effect on the title to or possession of the Property.  Therefore, I grant

15  JPMorgan's motion to expunge the *lis pendens* recorded against the Property.

16  **III.**    **CONCLUSION**

17       IT IS THEREFORE ORDERED that defendant JPMorgan Chase N.A.'s motion to

18  dismiss **(ECF No. 5)** and Freddie Mac's joinder **(ECF No. 27) are GRANTED** with prejudice as

19  to all claims except Hagos' claim under N.R.S. Chapter 645.  Hagos is granted leave to amend the

20  complaint only as to that claim.

21       IT IS FURTHER ORDERED that defendant JPMorgan Chase N.A.'s motion to expunge

22  the *lis pendens* **(ECF No. 6) is GRANTED**.

23       IT IS FURTHER ORDERED that plaintiff Daniel Hagos shall record a copy of this

24  expungement order with the Clark County Recorder's Office within 30 days from the date of this

25  order.  Should he fail to do so, JPMorgan may record this order.

26  / / / /

27  / / / /

28

1      IT IS FURTHER ORDERED that defendant MTC Financial, Inc., d/b/a/ Trustee Corps is

2  DISMISSED from the case and its motion to dismiss **(ECF No. 10) is DENIED as moot**.

3      DATED this 6th day of July, 2016.

4

5                                          ANDREW P. GORDON
                                           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28